UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY GRAND JURY 2021
AUGUST 10, 2021 SESSION



FILED
AUG 11 2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**UNITED STATES OF AMERICA**

v.                       CRIMINAL NO. 2:21-cr-00062
                         18 U.S.C. § 1591(a)
                         18 U.S.C. § 1591(b)(1)
**LARRY ALLEN CLAY, JR.**      18 U.S.C. § 1591(b)(2)
**KRISTEN NAYLOR-LEGG**        18 U.S.C. § 1591(c)
                         18 U.S.C. § 1594(c)

S E C O N D
S U P E R S E D I N G
I N D I C T M E N T

The Grand Jury Charges:

**COUNT ONE**
(Conspiracy to Engage in Sex Trafficking of a Minor
and Via Coercion)

From on or about June 8, 2020, through on or about June 12, 2020, at or near Gauley Bridge, Fayette County, West Virginia, within the Southern District of West Virginia, defendants LARRY ALLEN CLAY, JR. and KRISTEN NAYLOR-LEGG conspired with one another to knowingly, in and affecting interstate or foreign commerce, recruit, entice, transport, provide, obtain, patronize, and solicit, by any means, Victim 1, knowing and in reckless disregard of the fact that coercion, as defined in 18 U.S.C. § 1591(e)(2), would be used to cause Victim 1 to engage in a commercial sex act, and having had a reasonable opportunity to observe Victim 1 and knowing and in reckless disregard of the fact that Victim 1 had

not attained the age of 18 years and that Victim 1 would be caused to engage in a commercial sex act.

In violation of Title 18, United States Code, Sections 1591(a) and (c) and 1594(c).

## COUNT TWO
### (Sex Trafficking of a Minor and Via Coercion)

From on or about June 8, 2020, through on or about June 12, 2020, at or near Gauley Bridge, Fayette County, West Virginia, within the Southern District of West Virginia, defendant LARRY ALLEN CLAY, JR. knowingly, in and affecting interstate or foreign commerce, obtained, patronized, and solicited, by any means, Victim 1, knowing and in reckless disregard of the fact that coercion, as defined in 18 U.S.C. § 1591(e)(2), would be used to cause Victim 1 to engage in a commercial sex act, and having had a reasonable opportunity to observe Victim 1 and knowing and in reckless disregard of the fact that Victim 1 had not attained the age of 18 years and that Victim 1 would be caused to engage in a commercial sex act.

In violation of Title 18, United States Code, Sections 1591(a), (b)(1), (b)(2), and (c).

## COUNT THREE
### (Sex Trafficking of a Minor and Via Coercion)

From on or about June 8, 2020, through on or about June 12, 2020, at or near Gauley Bridge, Fayette County, West Virginia, within the Southern District of West Virginia, defendant KRISTEN NAYLOR-LEGG knowingly, in and affecting interstate or foreign commerce, recruited, enticed, transported, provided, and obtained, by any means, Victim 1, knowing and in reckless disregard of the fact that coercion, as defined in 18 U.S.C. § 1591(e)(2), would be used to cause Victim 1 to engage in a commercial sex act, and having had a reasonable opportunity to observe Victim 1 and knowing and in reckless disregard of the fact that Victim 1 had not attained the age of 18 years and that Victim 1 would be caused to engage in a commercial sex act.

In violation of Title 18, United States Code, Sections 1591(a), (b)(1), (b)(2), and (c).

## **FORFEITURE**

1. The allegations contained in Counts 1-3 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 1594(d) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

2. Pursuant to 18 U.S.C. § 1594(d), upon conviction of an offense in violation of Title 18, United States Code, Sections 1591 and 1594, the defendants, LARRY ALLEN CLAY, JR., and KRISTEN NAYLOR-LEGG, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3. This property includes, but is not limited to, any real and personal property constituting or traceable to gross profits and other proceeds obtained from the violations set forth in this Superseding Indictment and any real and personal property used or intended to be used to commit or to facilitate the commission of the violations set forth in this Superseding Indictment.

LISA G. JOHNSTON
Acting United States Attorney

By: _____
JENNIFER RADA HERRALD
Assistant United States Attorney