IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:21-cr-00062-01

LARRY ALLEN CLAY, JR.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss the charges against him due to violations of the Speedy Trial Act. [ECF No. 227]. The United States has responded. [ECF No. 229]. For the reasons explained in this memorandum opinion, Defendant's Motion is **DENIED**.

I. Background

On March 24, 2021, the United States filed a formal complaint against Mr. Clay, alleging his participation in the sex trafficking of a minor. [ECF No. 3]. On April 1, 2021, following a hearing, Mr. Clay was detained and remanded to the custody of the U.S. Marshals, where he has remained since. [ECF No. 17]. On April 27, 2021, a grand jury returned an indictment against Mr. Clay, charging him with two counts of sex trafficking of a minor and one count of conspiracy to engage in sex trafficking of a minor. [ECF No. 28]. Mr. Clay was arraigned on May 4, 2021, and trial was set

for July 6, 2021. [ECF No. 43]. On June 3, 2021, the court granted the defendant's unopposed motion to continue trial, which was reset for September 14, 2021. [ECF No. 64].

Five superseding indictments have since been returned against Mr. Clay. The first was filed on July 30, 2021 [ECF No. 69], and the second on August 11, 2021 [ECF No. 82]. These superseding indictments added charges of sex trafficking by coercion to each of the three counts contained in the original indictment. The third superseding indictment, filed on September 30, 2021, replaced one of the two sex trafficking counts with one count for obstruction of justice in violation of 18 U.S.C. § 1512(b)(3). [ECF No. 108]. Because each of these superseding indictments included substantive changes to the charges, the defendant's speedy trial clock re-started and the court set new trial dates accordingly. After the third superseding indictment, trial was scheduled for December 13, 2021. [ECF No. 117].

On November 23, 2021, and again on February 1, 2022, the court granted the defendant's unopposed motions to continue trial. [ECF Nos. 128, 137]. The defendant's motions sought continuances to secure the testimony of an expert witness. [ECF Nos. 127, 136]. At that time, trial was rescheduled for April 12, 2022.

On March 16, 2022, the United States filed a Motion in Limine [ECF No. 144] and on March 28, 2022, filed a Notice of Potential Conflict of Interest [ECF No. 146] and a Notice of Attorney Scheduling Conflict [ECF No. 148]. In light of these pending issues, the government filed a motion to continue trial, which the court granted on March 29, 2022, rescheduling trial to July 5, 2022. [ECF Nos. 147, 150].

On July 1, 2022, the final business day before trial, the defendant moved to continue trial due to unavailability of an "essential witness" who had not been subpoenaed until that day. [ECF No. 186]. The court granted the defendant's motion and continued the trial to August 23, 2022. [ECF No. 187]. But on July 15, 2022, the defendant again moved to continue trial due to unavailability of a witness. [ECF No. 186]. The court ordered the trial reset to December 13, 2022, and found the time between the previous trial date and the new date (August 23 to December 13, 2022) excludable under the Speedy Trial Act. [ECF No. 202].

On October 4, 2022, the fourth superseding indictment was returned against Mr. Clay, charging an additional count for obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2). [ECF No. 208]. The Government learned the facts forming the basis of the new count through interviewing the witness first identified by Defendant on July 1, 2022. [ECF No. 229 at 2]. Following Mr. Clay's arraignment on the fourth superseding indictment, the court preserved the trial date of December 13, 2022. [ECF No. 212].

The fifth and final superseding indictment, filed on November 1, 2022, modified the second obstruction count to charge Mr. Clay with violating 18 U.S.C. § 1591(d), rather than § 1512(c)(2) as charged in the previous superseding indictment. [ECF No. 213]. As of now, Mr. Clay stands indicted of conspiracy to engage in sex trafficking of a minor and via coercion (Count One), sex trafficking of a minor and via coercion (Count Two), obstruction of justice in violation of 18 U.S.C. § 1512(b)(3) (Count Three), and obstruction of justice in violation of 18 U.S.C. § 1591(d) (Count

Four). The defendant was arraigned on November 14, 2022, and trial was reset for January 17, 2023. [ECF No. 217]. On November 16, 2022, the court denied Defendant's motion to reinstate the previous trial date. [ECF No. 219].

On December 24, 2022, Defendant filed the instant Motion to Dismiss, alleging violations of the Speedy Trial Act.[1] [ECF No. 227]. Namely, Mr. Clay argues the court did not properly exclude certain time from the "speedy trial clock" provided for under the Act, and that the fifth superseding indictment "did not have any substantive changes in the charges" and therefore did not reset the trial clock. *Id.* at 2.

## II. Discussion

The Speedy Trial Act generally requires that a criminal trial begin within 70 days from the filing of an information or indictment, "or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "This requirement protects the interests of both the defendant and the public in a speedy trial and the public interest in preventing and deterring crime." *United States v. Henry*, 538 F.3d 300, 303 (4th Cir. 2008) (citing *Zedner v. United States*, 547 U.S. 489, 501 (2006)). "If this 70-day period elapses and the defendant moves to dismiss the charges on Speedy Trial grounds before trial, then . . . dismissal is mandatory," but "the district court retains discretion to dismiss the charges with or without prejudice." *United States v.*

---

[1] Defendant's Motion also states that "[t]he United States has denied Mr. Clay his Constitutional right to a fair and speedy trial," but his arguments focus solely on statutory, rather than constitutional, violations. [ECF No. 227 at 2].

*Velasquez*, 52 F.4th 133, 136 (4th Cir. 2022) (citing 18 U.S.C. § 3161(c)(1); *United States v. Mosteller*, 741 F.3d 503, 506 (4th Cir. 2014)).

Certain delays may be excluded from the 70-day count, such as delays resulting from pretrial motions, *id.* § 3161(h)(1)(D), and where the court finds that the "ends of justice" served by continuance "outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). The 70-day "speedy trial clock" resets upon return of a superseding indictment that contains a new charge or new defendant. *United States v. Lesczynski*, 86 Fed. App'x 551, 554 (4th Cir. 2004). Notwithstanding that reset, previously excluded time remains excluded from the new 70-day count. *See, e.g.*, *United States v. Gonzales*, 897 F.2d 1312, 1316–17 (5th Cir. 1990); *United States v. Fabian*, 798 F. Supp. 2d 647, 672–73 (D. Md. 2011).

Defendant acknowledges that the fourth superseding indictment reset the trial clock on October 14, 2022, the date of his arraignment. [ECF No. 227 at 4]. Mr. Clay also recognizes that, in granting his motion to continue trial to December 13, 2022, the court ordered that the time between August 23 and December 13, 2022, be excluded from the speedy trial clock. *Id.* Based on these two uncontested facts alone, Defendant's Motion to Dismiss is without merit. The court's order excluding time from August 23 through December 13, 2022, as to the charges in the third superseding indictment, applies with equal force to the charges in the fourth and fifth superseding indictments. After the clock reset, it did not begin to count down until at least December 13, 2022, placing the trial date of January 17, 2023, well within the 70-day period. Established law forecloses Defendant's argument that the court was

required to specifically state that it was re-excluding the time that had previously been excluded upon Defendant's motion.[2] *See, e.g.*, *Gonzales*, 897 F.2d at 1316–17 ("The motions pending on the original charges toll the running of the speedy-trial clock for the new charges, regardless of when the clock begins to run for the new charges."); *Fabian*, 798 F. Supp. 2d at 672–73 (rejecting defendant's argument that "an existing court order excluding time under the Act becomes ineffective upon the filing of a superseding indictment").

But even if the time through December 13, 2022, was not properly excluded, the fifth superseding indictment reset the speedy trial clock upon Defendant's November 14th arraignment. *See* [ECF No. 216]. Fewer than 70 days will elapse between that arraignment and the current trial date of January 17, 2023.

Defendant argues that the fifth superseding indictment did not reset the clock because it did not add a new charge to those contained in the fourth superseding indictment. [ECF No. 227 at 5–6]; *see Lesczynski*, 86 Fed. App'x at 554 ("[A] superseding indictment that adds either a new defendant or new charges restarts the speedy trial clock."). The fifth superseding indictment removed the obstruction charge in Count Four of the fourth superseding indictment and added a different obstruction charge involving the same basic facts. *Compare* [ECF No. 208 at 5], *with* [ECF No. 213 at 5]. A superseding indictment does not reset the 70-day clock if it adds charges that are "the same as, or required to be joined with, an offense charged in the original

---

[2] Defendant moved to continue trial due to unavailability of an expert witness. [ECF No. 196]. That motion stated that the delay to December 13, 2022, was acceptable to the defendant, "not a delay tactic," and "in the best interests of justice." *Id.* at 1.

indictment within the meaning of [18 U.S.C. § 3161(h)(5)] and the Double Jeopardy Clause." *United States v. Novak*, 715 F.2d 810, 819 (3d Cir. 1983). The subsequent charge is sufficient to reset the clock if it "requires proof of elements distinct from or in addition to those necessary to prove the crimes" charged in the prior indictment, regardless of whether the two charges "involve overlapping or even identical facts." *United States v. Gaskin*, 364 F.3d 438, 453 (2d Cir. 2004). Under this test, Count Four of the fifth superseding indictment (a violation of 18 U.S.C. § 1591(d)) is distinct from, and was not required to be joined with, Count Four of the fourth superseding indictment (a violation of 18 U.S.C. § 1512(c)). To prove a violation of section 1591(d), the United States must prove that the defendant attempted to obstruct the enforcement of a particular statute—18 U.S.C. § 1591. To prove a violation of section 1512(c), the United States must prove that the defendant acted corruptly to obstruct or influence an official proceeding. Violations of these statutory provisions also carry different maximum penalties. *Compare* 18 U.S.C. § 1512(c) ("not more than 20 years"), *with* 18 U.S.C. § 1591(d) ("a term not to exceed 25 years"). Accordingly, the fifth superseding indictment added a new charge, and Defendant's arraignment on November 14, 2022, triggered the start of a new 70-day speedy trial clock, which will not expire before trial is set to commence on January 17, 2023.

III.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel,

the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 3, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE