IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                      CRIMINAL ACTION NO. 2:21-cr-00062-01

LARRY ALLEN CLAY, JR.

MEMORANDUM OPINION AND ORDER

Pending before the court are two Motions to Seal filed by the defendant, Larry Allen Clay, Jr., and his counsel, Sebastian M. Joy. [ECF Nos. 277, 279]. Defendant asks the court to seal certain documents regarding a potential conflict of interest in this case. One of the motions has been filed ex parte due to the purported defense strategies outlined therein. [ECF No. 279]. For the following reasons, both motions [ECF Nos. 277, 279] are **DENIED**.

I.    Applicable Law

"Public access to the courts has long been a fundamental tenant of American democracy, helping to ensure that our system of justice functions fairly and that citizens can observe the actions of their government." David S. Ardia, *Privacy and Court Records: Online Access and the Loss of Practical Obscurity*, 2017 U. Ill. L. Rev. 1385, 1391 (2017). Adhering to this ideology, "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'n*, 435 U.S. 589, 597 (1978)

(footnote omitted). "The right of public access to documents or materials filed in a district court" may be abrogated only in "unusual circumstances." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 574–75 (4th Cir. 2004) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).

Under the common law, there is a presumption that the public has a right "to inspect and copy '*all*' judicial records and documents.'" *Id.* at 575 (emphasis added). This presumption "can be rebutted [only] if countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). When determining whether the presumption is rebutted, the court must apply a balancing test in which it weighs several factors "includ[ing] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253. If the court "decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Va. Dep't of State Police*, 386 F.3d at 575. This procedure "ensure[s] that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." *Id.*

2

## II. Discussion

Defendant's first motion contains a single sentence moving the court for an order to "seal the attached documents and attachments." [ECF No. 277]. However, no documents or attachments are included with the motion. *Id.* Because the first motion does not direct the court to any documents to be sealed, and otherwise fails to explain why sealing is justified, the motion [ECF No. 277] is **DENIED**.

The second motion likewise fails to show why the motion and its attached exhibits should be filed under seal. [ECF No. 279]. In support of the motion, Defendant states only that the motion and its attachments should be sealed "due to the defense strategies that are present in this Response and the attached exhibits." *Id.* at 1. Defendant does not describe this asserted interest with any specificity, nor does he address how that interest should be weighed against the public interests in access to the courts. Defense counsel does not address alternatives to sealing, nor cite any authority for the proposition that the motion should be filed under seal simply because its attachments include non-privileged communications between defense counsel and a non-party witness. In sum, defense counsel has not satisfied his "burden of showing some significant interest that outweighs the presumption" favoring public access. Finding no "unusual circumstances" present, the court **DENIES** the motion to seal [ECF No. 279].

I must also address the fact that the second motion was filed ex parte. The Federal Rules of Criminal Procedure do not contemplate ex parte motions and provide little guidance to the district courts for handling such motions. Defendant appears to

3

have mistakenly conflated the Rule 17(c) standard for ex parte subpoenas duces tecum with his request to file a response ex parte. [ECF No. 279 (relying on the analysis in *United States v. Beckford*, 964 F. Supp. 1010 (E.D. Va. 1997), which permits a party to proceed ex parte where disclosure may divulge trial strategy)]; *see* Fed. R. Crim. P. 17. Defense counsel's apparent justification for proceeding ex parte is an unadorned, conclusory statement that the motion contains "defense strategies" that are "sensitive." [ECF No. 279, at 2]. I disagree. This is not the rare situation where service of the defendant's motion would divulge trial strategy, imperil the source or integrity of subpoenaed evidence, or undermine a fundamental interest of the defendant. *Cf. Beckford*, 964 F. Supp. at 1030. Even if the second motion [ECF No. 279] features potential theories of the defense, that information has already been revealed to the United States, *see* [ECF Nos. 166, 197, 251]. Furthermore, the text messages attached as exhibits to the second motion [ECF Nos. 279-1–279-5] are not privileged communications and would be the subject of a proper discovery request. *See* Fed. R. Crim. P. 16(a)(1)(E). Most importantly, defense counsel has provided no justification, legal or otherwise, to support his contention that the motion and its exhibits should be filed ex parte.

### III. Conclusion

For the reasons stated, both motions to seal [ECF Nos. 277, 279] are **DENIED**. The court **DIRECTS** the Clerk to lift the provisional seal on both motions and their attachments. The court further **DIRECTS** the Clerk to remove the ex parte

4

designation on the second motion [ECF No. 279] and send a copy of that motion to the United States Attorney.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 21, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE