IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**                                          **CRIMINAL ACTION NO. 2:21-cr-00062-1**

**LARRY ALLEN CLAY, JR.,**

    **DEFENDANT.**

### MOTION TO GRANT A NEW TRIAL/MISTRIAL OR IN THE ALTERNATIVE MOTION TO VACATE THE JURY VERDICT ON BEHALF OF LARRY ALLEN CLAY, JR.

Now comes Defendant, Larry Allen Clay, Jr., by his undersigned counsel, Timothy J. Lafon, and moves this Honorable Court to grant a new trial and or a mistrial based upon an unwaivable conflict between the Defendant and his prior counsel, Sebastian Joy. In support of said Motion the Defendant states as follows:

### FACTS

1. The Defendant was indicted in a Fifth Superseding Indictment for several charges which include Count One – Conspiracy to Engage in Sex Trafficking of a Minor; County Two – Sex Trafficking of a Minor; Count Three – Sex Trafficking of a Minor. In addition, Defendant, Larry Allen Clay, Jr. was indicted for two obstruction charges.

2. As this matter proceeded in preparation for trial, various pretrial motions were filed, and discovery was exchanged.

3. On March 28, 2022, the United States through its AUSA filed a Motion of Potential Conflict of Interest applicable to the attorney for the Defendant Larry Allen Clay, Jr., Sebastian Joy.

4. In said Notice of Potential Conflict (*See* ECF No. 146) the United States raised issues which accused Defendant's counsel of what was, in essence, witness tampering.

5. The AUSA claimed that the Defendant's counsel, Sebastian Joy had communicated with the other co-defendant in this matter, Kristen Naylor-Legg and encouraged her to take certain steps to withdraw her previously entered Plea Agreement.

6. The allegations stated that Defense counsel conducted this activity by contact between him and his investigator and Ms. Naylor-Legg's husband, Charles Legg who was also a witness for the United States.

7. The allegations were that through these communications, Ms. Naylor-Legg was encouraged to withdraw her plea and recant the Stipulations of Facts entered into.

8. The allegations by the AUSA further implied that the true purpose of the communication was to assist the Defendant Larry Allen Clay, Jr.

9. As a result of these alleged activities by the counsel for Defendant Larry Allen Clay, Jr., the Defendant Kristen Naylor-Legg prepared a letter filed with the Court shortly before trial, in which she entirely recanted her statements in her Plea Agreement and stipulation. The letter consisted of admissions that would have totally contradicted Ms. Naylor-Legg's entire trial testimony.

10. The Court conducted an evidentiary hearing in this matter on April 24, 2023 in which evidence was taken from Defendant Kristen Naylor-Legg and her husband Charles Legg.

11.     Based upon the allegations of the AUSA applicable to the Defense counsel's actions, Defendant Larry Allen Clay, Jr. was faced with the horrendous decision as to whether to utilize the advantageous evidence in the nature of the letter by Defendant Kristen Naylor-Legg which would at the same time implicate his attorney in wrongdoing. The alternative was to choose not to use the letter and forego that cross-examination opportunity.

12.     Throughout this period of time, Defendant was advised as to the matter by his tainted counsel, who was facing his own allegations of tampering. This at least created an appearance of impropriety, that Defense counsel's self-protection interest were different than total allegiance to his client Defendant Larry Allen Clay, Jr.

13.     During said hearing conducted on April 24, 2023, the Court questioned Defendant, Larry Allen Clay, Jr. Defendant Larry Allen Clay, Jr., after conversations with his lawyer, waived any conflict of interest.

14.     The Court on April 24, 2023 concluded that the above-referenced allegation against Larry Allen Clay, Jr's counsel created a potential conflict. As a result, thereof, the Court entered into a colloquy with Defendant Larry Clay to ensure that he understood what waiving the conflict of interest could or would do to his case. After this discussion, the Court concluded that the Defendant had knowingly and intelligently waived the conflict of interest.

15.     At the trial of the matter conducted on April 25, 2023, through April 28, 2023 after consultation with his lawyer who was the subject of these allegations, Defense decided not to utilize the letter that would have been so crucial in cross-examining of the Defendant's co-defendant, Kristen Naylor-Legg.

16.     As a result, the veracity of Ms. Kristen Naylor-Legg went uncontested at trial.

3

17. Ms. Naylor-Legg's letter along with her prior contradictory plea showed she would tell different stories depending on how it benefited her.

18. It was clear at the trial that Defense counsel was faced with AUSA raising the alleged inappropriate activity in the trial of Defense counsel if Defendant did not agree to not utilize the letter in cross-examination.

19. The trial transcript at Volume III, Morning Session Pages 81-86 shows that a discussion was had at the trial between the Judge and Defendant to verify Defendant's decision to not use the above-mentioned letter in cross-examination. The Court pointed out the risk to Mr. Clay and he chose to waive using the letter. It is interesting to note, that in said discussion the Defendant consulted with his attorney, who was the person implicated by using the letter.

20. Using the letter, of course, would have caused great difficulty applicable to the Defense counsel as the alleged inappropriate contact with Naylor-Legg would have been addressed in trial.

21. Once again, the Court went through a series of questions with Defendant, Larry Allen Clay, Jr., in which he chose to waive the potential conflict of interest between him and his counsel. Defendant, Larry Allen Clay, Jr. through counsel also chose not to utilize on cross-examination Ms. Naylor-Legg's letter as presented to the Court.

22. Clearly, this decision was damaging to the Defendant's case and certainly appears to be impropriety that protected Defense counsel instead of the Defendant, Larry Allen Clay, Jr.

23. The Defendant propounds that this conflict was such of a nature as to be unwaivable and in essence denied Defendant, Larry Allen Clay, Jr., a fair trial and effective assistance of counsel, and therefore, a new trial and/or a mistrial should be granted.

## **THE LAW**

The Sixth Amendment provides that in "all criminal prosecutions the accused shall enjoy the right . . . to have the assistance of counsel for his defense." *See* U.S. Const. Amd. VI.

The purpose of the Sixth Amendment right to counsel is to ensure that the adversarial process is both effective and fair. *See* United States v. Wheat, 486 U.S. 153, 158 (1988). Giddeon v. Wainwright, 372 U.S. 335 (1963) guarantees the right to effective counsel. This right to effective counsel includes the Defendant's right to an attorney free from any conflicts of interest. *See* Holloway v. Arkansas, 435 U.S. 475 (1978). The case of Glasser v. United States, 315 U.S. 60 (1942) established that the Sixth Amendment required the reversal of a criminal defense conviction based on conflict of interest. His lawyer's representation of him was limited by conflict of interest. The famous case of Strickland v. Washington, 466 U.S. 668 in discussing a claim for ineffective assistance gives a hint of the future of what has become known as actual or (*per se*) conflicts in creating an exception to the general ineffective assistance claim that the defendant must show prejudice as a result of the conflict. Strickland, Id., goes on to state that prejudice is presumed only if the defendant demonstrates that counsel actively represented conflicting interest and an actual conflict of interest adversely affected the lawyer's performance. The fact that an attorney cannot satisfy the duty of loyalty when he is working under a conflict the defendant endures conflict of representation and need not comport with Strickland's Id. stringent requirements. *See* Cuyler v. Sullivan, 446 U.S. 335 (1980).

The Court in the case at hand concluded that there was a potential conflict and thus gave the Defendant, Larry Allen Clay, Jr. an opportunity to waive the same. The Defendant, Larry Allen Clay, Jr. ultimately waived any conflict of interest.

This Motion is filed to challenge whether the conflict in the present case was waivable or constituted an actual and unwaivable conflict. The case at hand presents itself with competing interests. One, the Defendant, Larry Allen Clay, Jr.'s right pursuant to the Sixth Amendment to have counsel of his own choosing versus the Sixth Amendment guarantee of affective non-conflicted attorneys. The right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment. The essential claim of the Amendment is to guarantee an effective advocate for the criminal defendant rather to ensure the defendant will inexorably be represented by the lawyer whom he prefers. *See* Wheat v. United States, 486 U.S. 153 (1988). Ineffective assistance of counsel claims have often found that the right to effective assistance of counsel is fundamental as to be virtually unwaivable. *See* Wheat v. United States, 486 U.S. 158 U.S. Sup. Ct. 1692 (1988).

The Fourth Circuit grappled with a *per se* or actual conflict in the case of United States v. Glover, 8 F.4th 239 (4th Cir. 2021). In the Glover case, the case of Cuyler v. Sullivan, 446 U.S. 335 (1980) was referenced to determine that an actual conflict of interest renders counsel ineffective. The Glover, Id. case established that a conflict of interest occurs when an attorney's interest differs from that of their clients, potentially compromising the attorney's loyalty and effectiveness. *See* Cuyler v. Sullivan, Id. The lower court in the Glover decision in effect concluded that the Defendant's statements in the plea colloquy that the Defendant was satisfied with his counsel were sufficient to conclude that representation of the client was not inhibited by an apparent conflict. The Glover case established that the right to conflict free counsel was a constitutional requirement and that such a ruling in addition to impacting the parties involved also sets an important precedent for future cases. An analysis that could override a defendant's right

6

to choose counsel is the court's interest in enforcing the standards for attorney conduct and the protection of defendant's rights within the criminal justice system.

In the present case, it is clear that the allegations against Sebatian Joy created a self-interest on his part. With the allegations pending against him, he could have been subject to an ethics complaint, or, in fact, the allegations constituted a crime if proven. The only way this issue would not come up in court is if the Defendant did not use the letter penned by the co-defendant to the Court which would have brought into question her entire trial testimony. At the very least, it would have implicated the co-defendant's veracity characteristics. The decision not to utilize this letter at the trial of this matter was made by Defendant Larry Allen Clay, Jr. after consultation with the very lawyer that would be implicated if said letter was utilized at trial. This certainly must create an actual conflict of interest and would constitute ineffective assistance of counsel.

That leaves us with the only issue in the present case is whether such a conflict of interest that is actual and in violation of Defendant Larry Allen Clay, Jr.'s constitutional right to fair and unconflicted counsel can be waived. The Second Circuit has found in United States v. Schwarz, 283 F.3d 76 (2nd Cir. 2002) that a conflict was so severe that it was considered unwaivable. The Second Circuit concluded that the trial court's failure to disqualify a conflicted lawyer when his own interest (or his firm's interest) conflicted with the defendant was reversable error. In United States v. Fulton, 5 F.3d 605 612 (2nd Cir. 1993), the court concluded that a conflict would have a *per se* adverse effect and addressed a waiver obtained at the trial court level. The court in Fulton stated that counsel's fear and desire to avoid criminal charges would affect virtually every aspect of his or her representation of the defendant. Fulton expressed the concern that an attorney with a self-interested conflict of interest could compromise cross-examination of witnesses. This is

7

exactly what occurred in the case at hand. Absent the threat of Defendant, Larry Allen Clay, Jr.'s counsel being implicated if the letter authored by the co-defendant and sent to the court in this case it would be nonsensical to not have used the letter on cross-examination. The letter completely contradicted the Defendant's trial testimony. Even if the witness argued that the letter had been induced by the alleged promises by Defendant, Larry Allen Clay, Jr.'s defense counsel, Sebastian Joy, it would still present to the jury that the co-defendant would testify falsely to the extent that it suited her best interest. The United States v. Glover, 8 F.4th 239 (4th Cir. 2021) case, certainly establishes that the Fourth Circuit will look intently at cases despite a perceived waiver that arise from a conflict of interest flowing from a lawyer's self-interest being in conflict with a zealous and loyal advocation for the defendant.

    Rule 1.7 of the Model Rules of Professional Conduct Conflict of Interest allows for representation when there is concurrent conflict of interest only when a lawyer will be able to provide competent and diligent representation. In the case at hand, competent, diligent or loyal representation could not possibly be assured because the attorney for Defendant had to decide in his own mind whether it was in the best interest of his client or himself in presenting the co-defendant's letter in cross-examination. This choice should not be available to guarantee effective assistance of counsel. What is interesting in this case is the court gave Defendant Larry Allen Clay, Jr., the opportunity to consult with his lawyer (about his lawyer's misconduct), but also gave the Defendant an opportunity to consult with another lawyer. However, given the constraints of time, the only lawyer that the Defendant, Larry Allen Clay, Jr. was able to consult with besides his own lawyer was a civil lawyer in a civil case that does not regularly engage in criminal defense.

The case of Stanko v. Stirling, 104 F.4th 681 (4th Cir. 2024) a recent 2024 Fourth Circuit case highlights the Fourth's Circuit's position on unwaivable conflicts. The Stanko case acknowledges conflicts that may be unwaivable by stating "when we talk about a non-waivable conflict in other words what we are asking is whether a conflict is so severe and obviously prejudicial that the court's interest in fairness in its appearance" outweighs the defendant's interest in choosing his lawyer. The Court in Stanko Id. went on to state "in the most extreme, leaving the court without discretion to accept one (waiver) the case of e.g. Hoffman v. Leeke, 903 F.2d 280 (4th Cir. 1990). Stanko Id. further goes on in quoting the case United States v. Lussier, 71 Fd.3d 56 461 (2nd Cir. 1995) that a non-waivable conflict would have to be so severe to render a trial inherently unfair. Stanko Id. reiterated the Lussier standard stating that for a conflict to be non-waivable must be so egregious that no rationale defendant would knowingly and voluntarily desire the attorney's representation.

Based upon the Stanko Id. analysis, clearly there are conflicts of interest that are non-waivable and reversal should occur despite the fact that the trial court obtained a waiver of said conflict of interest. The case at hand rises to that level. The Defendant, Larry Allen Clay, Jr. in this matter in his rush to get his case tried ended up with a counsel that he had paid thousands of dollars to loyally represent the Defendant that had a non-waivable conflict. This conflict is such that no reasonable person would have accepted this counsel's representation given the fact that the lawyer's own integrity had been attacked and the decision to place that integrity as a trial issue was placed squarely in Defendant Larry Allen Clay, Jr.'s lap. This is the very type of conflict that attacks the constitutional necessity of Defendant Larry Allen Clay, Jr. effective assistance of

9

counsel, which would include a conflict free counsel. This conflict should have been unwaivable because of its effect on the administration of justice with the court.

## CONCLUSION

The U.S. Attorney's office in United States v. Clay matter raised accusations of defense counsel's alleged egregious conduct. The second that this occurred, the defense counsel's loyalty to his client Larry Allen Clay, Jr., was tainted. We will never know whether the letter would have been introduced during cross-examination of the co-defendant of Larry Allen Clay, Jr. if it wasn't for the fact that defense counsel's actions was implicated by doing so. It would make no sense not to introduce said letter but for said implication. This conduct created an unwaivable conflict of interest and the Defendant, Larry Allen Clay, Jr. moves this Honorable Court to set aside the verdict of the jury and to grant a new trial and for such other and further relief this Court deems just.

**LARRY ALLEN CLAY, JR.**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304) 343-4440
    Counsel for Defendant

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**                                              **CRIMINAL ACTION NO. 2:21-cr-00062-1**

**LARRY ALLEN CLAY, JR.,**

     **DEFENDANT.**

**CERTIFICATE OF SERVICE**

     I, Timothy J. LaFon, do hereby certify that the foregoing **"MOTION TO GRANT A NEW TRIAL/MISTRIAL OR IN THE ALTERNATIVE MOTION TO VACATE THE JURY VERDICT ON BEHALF OF LARRY ALLEN CLAY, JR."** has been served upon all parties via the Court's electronic filing system on the _____ day of December, 2024

                  Jennifer Rada Herrald, Assistant U.S. Attorney
                  U.S. Attorney's Office
                  300 Virginia Street, East, Room 400
                  Charleston, West Virginia  25301

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    Counsel for Defendant

11