**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**UNITED STATES OF AMERICA,**

**V.**                                     **CRIMINAL ACTION NO. 2:21-cr-00062-1**

**LARRY ALLEN CLAY, JR.,**

    **DEFENDANT.**

### DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Now comes Defendant, Larry Allen Clay, Jr., by his new counsel, Timothy J. Lafon, and supplements the Sentencing Memorandum filed by the Defendant's prior counsel on September 20, 2023.

### SUPPLEMENT TO DEFENDANT'S REMAINING OBJECTIONS

The prior Sentencing Memorandum identified several objections applicable to enhancements. The prior Sentencing Memorandum highlighted that the Defendant disagreed with a two (2) point enhancement for the use of a computer or an interactive computer service in engaging in the applicable crime. The Presentence Investigation Report claims that a cellular telephone was used by the Defendant; however, in the testimony of the co-defendant, the only other party that would have been in involved in any transaction it was merely stated that she used a "phone" to communicate with the Defendant. There is no evidence in her testimony that the phone was a smartphone or a computer device of any kind. Therefore, the enhancement pursuant to Paragraph 36 and U.S.S.G. Section 2G1.3(b)(3) is not appropriate.

In addition, the prior Sentencing Memorandum by Defendant's prior counsel and his prior objections did not mention any objection to Paragraph 35 of the Presentence Investigation Report. This enhancement under Paragraph 35 is pursuant to U.S.S.G. Section 2G1.3(b)(2). The Probation Officer includes this increase in the sentence calculation by claiming that undue influence was used by the Defendant, which is evidenced by the difference in his age and the victim's age. However, the evidence showed that the communication concerning the illegal act by the Defendant was with his co-defendant. There was never any evidence of any direct undue influence by the Defendant to the victim. Therefore, the age difference would not have created an undue influence by in and of itself. Therefore, this enhancement is not appropriate.

The Defendant moves this Honorable Court to supplement the prior Sentencing Memorandum and for such other and further relief this Court deems just.

**LARRY ALLEN CLAY, JR.**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304) 343-4440
    Counsel for Defendant

# IN THE UNITED STATE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**                                         **CRIMINAL ACTION NO. 2:21-cr-00062-1**

**LARRY ALLEN CLAY, JR.,**

      **DEFENDANT.**

### <u>CERTIFICATE OF SERVICE</u>

I, Timothy J. LaFon, do hereby certify that the foregoing **"DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM"** has been served upon all parties via the Court's electronic filing system on the 6th day of December, 2024

> Jennifer Rada Herrald, Assistant U.S. Attorney
> U.S. Attorney's Office
> 300 Virginia Street, East, Room 400
> Charleston, West Virginia  25301

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    Counsel for Defendant