IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:21-cr-00062-01

LARRY ALLEN CLAY, JR.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are two motions: (1) the defendant's Motion to Reopen Post-Trial Motions and to Allow Defendant to File a Motion for New Trial/Mistrial Based Upon an Unwaivable Conflict, [ECF No. 395], and (2) the defendant's Motion to Grant a New Trial/Mistrial or in the Alternative Motion to Vacate the Jury Verdict, [ECF No. 396]. The United States responded in opposition to both the defendant's motions. [ECF No. 400]. The defendant replied, [ECF No. 403], and the motions are ripe for review. For the reasons stated herein, the defendant's Motion to Reopen Post-Trial Motions, [ECF No. 395], is **DENIED** and the defendant's Motion to Grant New Trial/Mistrial, [ECF No. 396], is **DENIED**.

### I. Background

On November 1, 2022, the Fifth Superseding Indictment in this case charged the defendant with (1) Conspiracy to Engage in Sex Trafficking of a Minor and Via Coercion, in violation of 18 U.S.C. §§ 1591(a) and (c) and 1594(c), (2) Sex Trafficking of a Minor and Via Coercion, in violation of 18 U.S.C. §§ 1591(a), (b)(1), (b)(2), and (c), (3) Obstruction of Justice, in violation of

18 U.S.C. §§ 1512(b)(3), and (4) Obstruction of Justice, in violation of 18 U.S.C. § 1591(d). [ECF No. 213]. On April 28, 2023, the jury returned a verdict of guilty on all four counts contained in the Fifth Superseding Indictment. [ECF No. 317]. Following the conclusion of trial, the court directed the defendant to file any post-trial motions in writing within the next seven days. Defendant's previous counsel, Sebastian Joy, then filed two Motions for Extension of Time to File Motion for a New Trial for the purpose of acquiring transcripts. [ECF Nos. 321, 325]. I granted both motions. [ECF Nos. 322, 326]. On June 22, 2023, Mr. Joy filed a Motion for New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. [ECF No. 339]. In support of his Motion for a New Trial, the defendant asserted (1) certain evidence was improperly admitted, (2) his right to a speedy trial was violated, and (3) insufficient evidence of coercion was introduced. *Id.* On July 6, 2023, I denied the defendant's Motion for New Trial. [ECF No. 343].

Then, on September 25, 2023, Mr. Joy filed his Motion to Withdraw as Attorney. [ECF No. 370]. For good cause shown, I granted that motion and ordered that Timothy J. LaFon, a CJA Panel Attorney, be appointed to represent the defendant. [ECF No. 373]. Sentencing was subsequently continued to November 9, 2023. *Id.* Since Mr. LaFon was appointed as defendant's counsel, he has moved to continue sentencing eight times with no objections filed by the United States. [ECF Nos. 375, 377, 379, 381, 383, 385, 389, 393].

The defendant filed the instant motions two weeks before the current sentencing date of December 19, 2024. In his Motion to Reopen Post-Trial Motions, the defendant asserts an "unwaivable conflict" existed with his previous counsel, Mr. Joy. [ECF No. 395]. Defendant then contends that justice requires an allowance for new counsel to file a motion based on the conflict – as it was not raised by Mr. Joy in the previously filed post-trial motions. *Id.* The United States asserts that the defendant's Motion to Reopen is time barred under Rule 33 of the Federal Rules

of Criminal Procedure and further Rule 45(b)(2) does not ameliorate timeliness issues with the defendant's motion.

Thus, the question presently before the court is whether Rule 33 permits the court to reopen post-trial motions where an alleged "unwaivable" conflict exists. I find the rules do not permit another round of post-trial motions, thus the motion to reopen is denied and the motion for new trial is denied as moot.

## II.     Legal Standard

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33(b) provides the time in which a defendant may file a motion for new trial where there is newly discovered evidence or on any other grounds. When a motion for a new trial is grounded on newly discovered evidence, the motion must be filed within 3 years after the verdict or finding of guilty, Fed. R. Crim. P. 33(b)(1), and when a motion for a new trial is grounded on any reason other than newly discovered evidence, the motion must be filed within 14 days after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2). In *United States v. Smith*, 62 F.3d 641, 648 (4th Cir. 1995), the Fourth Circuit Court of Appeals held "information supporting an ineffective assistance claim is not 'evidence' within the meaning of Rule 33" and a motion for new trial grounded on ineffective assistance of counsel "must be brought, if at all, within [fourteen] days of judgment."

Generally, "claims of ineffective assistance of counsel should be raised in the first instance in a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255." *United States v. Stockstill*, 26 F.3d 492, 497 (4th Cir. 1994) (addressing the ineffective assistance of trial counsel where a defendant obtained new counsel between trial and sentencing). However, "a defendant may raise [a] claim of ineffective assistance of counsel in the first instance on direct

appeal if and only if it conclusively appears from the record that . . . counsel did not provide effective assistance." *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014) (alteration in original) (quoting *Smith*, 62 F.3d at 651).

After the time has expired to file a motion for new trial, Rule 45(b)(1)(B), "permits a district court to extend the time for filing a motion beyond the 14-day period upon a finding of 'excusable neglect' by the party." *United States v. Davis*, No. 23-4102, 2024 WL 3690772, at *2 (4th Cir. Aug. 7, 2024). The determination of whether neglect is "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These factors to be considered include "danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

### III. Discussion

Defendant's current Motion to Reopen, [ECF No. 395], based on the "unwaivable conflict" with his previous counsel is untimely. A motion for new trial grounded on the ineffective assistance of counsel must be brought within fourteen days of judgment. *Smith*, 62 F.3d at 648.

Additionally, the defendant's one-page Motion to Reopen fails to make a showing of good cause for the court to extend the time period to file post-trial motions. Defendant did not address whether excusable neglect existed under the prescribed factors and instead only relied upon the alleged "unwaivable conflict."

## IV. Conclusion

For the foregoing reasons, the defendant's Motion to Reopen Post-Trial Motions, [ECF No. 395], is **DENIED** and the defendant's Motion to Grant New Trial/Mistrial, [ECF No. 396], is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: December 19, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE